# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WAYNE ALLEN THOMAS,
Appellant,

v.

DEPARTMENT OF DEFENSE,
Agency.

DOCKET NUMBER
DC-3443-21-0015-I-1

DATE: August 26, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Wayne Allen Thomas</u>, Chester, Virginia, pro se.

<u>C. Michael Meehan</u> and <u>Jeffrey Csokmay</u>, Esquire, Columbus, Ohio, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant filed an appeal against the Defense Logistics Agency, which appears to concern his security clearance level. Initial Appeal File (IAF), Tab 1 at 4-5. Unsure of the precise nature of the appeal, the administrative judge issued a jurisdictional order, which instructed the appellant to clarify the nature of his appeal and to meet his burden to establish Board jurisdiction. IAF, Tab 3. The appellant did not submit a response, and the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, finding no basis to invoke Board jurisdiction from the face of the appeal. IAF, Tab 7, Initial Decision. The appellant then filed the instant petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response, and the appellant has filed a reply. PFR File, Tabs 3-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board does not have jurisdiction over an agency's security clearance process or its determinations.

*Skees v. Department of the Navy*, 864 F.2d 1576, 1578 (Fed. Cir. 1989). We agree, for the reasons set forth in the initial decision, that the appellant failed to make a nonfrivolous allegation of Board jurisdiction over his claim about his security clearance level.

The appellant files several documents for the first time on review. PFR File, Tab 4 at 15-27. The Board generally will not consider evidence submitted for the first time in a petition for review absent a showing that it is based on new and material evidence that was not previously available despite a party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). The first document the appellant submits relates to his security clearance level and appears to have been produced to the appellant by the Defense Counterintelligence and Security Agency on December 4, 2020, pursuant to the appellant's November 27, 2020 Freedom of Information Act (FOIA) request. PFR File, Tab 4 at 15-17. Because the appellant requested the records through FOIA after the record closed before the administrative judge, we find that he did not act diligently in procuring the records, and therefore we do not consider them. *See Avansino*, 3 M.S.P.R. at 213-14. The appellant does not explain why he delayed requesting the records through FOIA, but he states in his petition for review that his "household was stricken by COVID-19." PFR File, Tab 4 at 7, 25. To the extent the appellant argues that COVID-19 prevented him from making a timely FOIA request, he does not explain how it impaired his ability to request the records, and this argument is undermined by the fact that the appellant submitted other filings after his COVID-19 diagnosis. *E.g.*, IAF, Tab 1. Even if we were to consider the document, it has no bearing on the question of whether the Board has jurisdiction over this appeal. *See Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 7 (2013) (stating the Board may consider evidence for the first time on a petition for review if it implicates the Board's jurisdiction and warrants an outcome different from that of the initial decision).

The appellant files two other documents for the first time on review, including a 2019 email chain relating to a job application and a 2018 job announcement. PFR File, Tab 4 at 18-24. Both documents predate the filing of the initial appeal. *Compare* IAF, Tab 1, *with* PFR File, Tab 4 at 18-24. The Board will not consider evidence submitted for the first time on review when it was previously available but a party elected not to submit it to the administrative judge. *Fox v. U.S. Postal Service*, 81 M.S.P.R. 522, ¶¶ 4-5 (1999). The appellant has not argued that he did not possess the documents prior to the close of the record, and we do not find any evidence in the record to support this. Accordingly, we do not consider these documents. Even if the Board were to consider the documents, they are irrelevant to the question of jurisdiction over the appellant's appeal concerning his security clearance.

The appellant also raises new arguments for the first time on review, including discussion of a pending equal employment opportunity (EEO) complaint, his disabled veteran status, and the rescission of a job offer. PFR File, Tab 1 at 3-5, Tabs 4-5. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Hodges v. Office of Personnel Management*, 101 M.S.P.R. 212, ¶ 7 (2006).

To the extent the appellant seeks to challenge the rescission of a job offer by the Defense Contract Management Agency, the appellant raised that claim in an earlier appeal, and the Board dismissed it for lack of jurisdiction. *Thomas v. Department of Defense*, MSPB Docket No. DC-3443-19-0797-I-1, Final Order (Aug. 23, 2024). The appellant is precluded from relitigating the issue of jurisdiction over the rescission of a job offer in this appeal based on collateral estoppel. *See Noble v. U.S. Postal Service*, 93 M.S.P.R. 693, ¶¶ 8-11 (2003) (finding an appellant was barred from relitigating the issue of jurisdiction based on collateral estoppel when (1) the issue in a second appeal was identical to that involved in a prior action, (2) the issue was actually litigated in the prior action,

(3) the determination on the issue in the prior action was necessary to the resulting judgment, and (4) the party precluded was fully represented in the prior action). The appellant has not explained how his pending EEO complaint or disabled veteran status relate to the instant appeal about his security clearance, and he has not established that these new arguments are based on evidence that was unavailable prior to the close of the record despite his due diligence. Therefore, we do not consider these new arguments. *See Hodges*, 101 M.S.P.R. 212, ¶ 7; 5 C.F.R. § 1201.115(d).

For the foregoing reasons, we affirm the initial decision and deny the petition for review.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

<u>receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____
                        *Gina K. Grippando*
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.